UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GREAT AMERICAN INSURANCE COMPANY as Subrogee of YWCA OF EASTERN UNION COUNTY,**<br><br>Plaintiff,<br><br>v.<br><br>**FAST TIME CONSTRUCTION, LLC,**<br><br>Defendant. | Civ. No. 20-13467 (KM/ESK)<br><br>**OPINION & ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on Plaintiff's unopposed motion (DE 9)[1] for default judgment. Plaintiff Great American Insurance Company ("Great American"), as subrogee, initiated this action to recover damages resulting from a fire on the premises of its insured, YWCA of Eastern Union County ("YWCA"). The fire was allegedly caused by the negligence of defendant Fast Time Construction, LLC ("Fast Time"), which was performing gutter repair work. For the reasons provided herein, I will grant Plaintiff's motion.

**I. Discussion**

 **a. Legal Standard**

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

---

[1] Citations to the record will be abbreviated as follows. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

"DE" = Docket entry number in this case.

"Compl." = Complaint (DE 1)

1

Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

### b. Prerequisites for Entry of Default Judgment

Before a court may enter default judgment, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

Plaintiff Great American initiated this action against defendant Fast Time via complaint filed on September 29, 2020. (DE 1) The Summons and Complaint were served on October 3, 2020. (DE 6-3) The time for Fast Time to respond expired 21 days later. Fast Time did not plead or otherwise respond within that time, or thereafter. On January 5, 2021, the clerk entered default. (Entry following DE 6)

### c. Three-Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

### i. Factor one: Existence of meritorious defense

As always, evaluation of the first factor is made difficult by Defendants' failure to answer or to oppose the motion for default judgment. Nevertheless, my independent review of the record does not suggest that Plaintiff's claims are legally flawed. *See Doe*, 2013 WL 3772532, at *5. Accepting the allegations in the Complaint as true, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), I find that the Plaintiffs have stated a claim for relief.

The Complaint alleges that on August 28, 2019, YWCA contracted with Fast Time for certain gutter repairs to its premises. (Compl. ¶ 10) On September 4, 2019, Fast Time performed the repairs, using an open-flame propane torch. The workers departed at 5 p.m.; at about 6 p.m., smoke was seen and a fire alarm went off. The fire department responded, and observed a fire in the exterior wall near the gutter that had been repaired. Families had to be evacuated. Fire, smoke, and water damage resulted. (Compl. ¶¶ 11–17)

The Complaint asserts three claims: Count One (negligence); Count Two (breach of contract); and Count Three (res ipsa loquitur). I focus on the most comprehensive, Count One. The complaint alleges that Fast Time owed a duty of reasonable care; that it allowed combustible portions of the building to catch fire; that it should have foreseen that its inattention would cause a fire; that it failed to inspect after doing the work or observed smoke but did not immediately summon the fire department; and that as a result YWCA suffered significant damages. (Compl. ¶¶ 18–24)

Great American is YWCA's insurance carrier. It alleges that at the time of the complaint it had paid out $748,575.48 to YWCA, and that damages continued to accrue. (*Id.* ¶¶ 29–30)

There is no obvious flaw or defect in the claim of negligence. "The fundamental elements of a negligence claim are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, injury to the plaintiff proximately caused by the breach, and damages." *Coleman v. Martinez*, 247 N.J. 319, 337, 254 A.3d 632, 642 (2021) (quoting *Robinson v. Vivirito*, 217 N.J. 199, 208, 86 A.3d 119 (2014)). A contractor performing repairs employing an open flame is obviously under a duty to take reasonable care not to set the premises aflame.

Great American is an appropriate plaintiff:

> [Subrogation] is most often brought into play when an insurer who has indemnified an insured for damage or loss is subrogated to any rights that the insured may have against a third party, who is also liable for the damage or loss. In such a case it is only equitable and just that the insurer should be reimbursed for his payment to the insured, because otherwise either the insured would be unjustly enriched by virtue of a recovery from both the insurer and the third party, or in the absence of such double recovery by the insured the third party would go free despite the fact that he has the legal obligation in connection with the loss or damage.
>
> Subrogation is highly favored in the law . . . .

*Standard Acc. Ins. Co. v. Pellecchia*, 15 N.J. 162, 171, 104 A.2d 288, 292 (1954). Having paid out on YWCA's insurance claim, Great American is justly subrogated to its rights against Fast Time.

I find that Plaintiff has stated a valid cause of action.

### ii. Factors two and three: Prejudice to Plaintiff and Defendants' culpability

The second and third factors also weigh in favor of default. Defendant was properly served but failed to appear, defend or otherwise respond to the Complaint. It is clear that the Plaintiff has been prejudiced by this dereliction

4

because it has been "prevented from prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion." *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (find that a defendant's failure to answer prejudices the plaintiff); *see also Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiff[s] will suffer prejudice if the Court does not enter default judgment as Plaintiff[s] [have] no other means of seeking damages for the harm caused by Defendant."). Absent any evidence to the contrary, "the Defendant[s'] failure to answer evinces the Defendant's culpability in [the] default." *Teamsters Pension Fund of Philadelphia & Vicinity*, 2011 WL 4729023 at *4. In this case, "there is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent." *Id.* (citing *Prudential Ins. Co. of America v. Taylor*, 2009 WL 536043, at *1 (D.N.J. Feb. 27, 2009)) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted).

Overall, then, the three factors support the entry of default judgment. Therefore, I will grant the motion for default judgment.

### d. Remedies

The plaintiff acknowledges that, although it has paid out substantial amounts, further payments on the insurance claim are likely. Great American believes that it should be in a position to provide a final figure by the end of September 2021. I will therefore grant Great American a period of 60 days to submit its proofs of damages in affidavit form. Upon inspection of the affidavit(s), the court will determine whether a hearing is necessary. When a final damages figure is calculated, a money judgment will be entered.

## ORDER

Accordingly, IT IS this 21st day of September, 2021 ORDERED as follows:

1. The motion for default judgment (DE 9) is granted.
2. Within 60 days, the plaintiff shall submit in affidavit form acceptable proof of damages, as well as any costs and fees that are awardable, as well as a proposed form of judgment.

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**